IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| STARR INDEMNITY & LIABILITY COMPANY, INC. a/s/o General Dynamics Information Technology, Inc.<br>399 Park Avenue, 2nd Floor<br>New York, NY  10022<br><br>and<br><br>GENERAL DYNAMICS INFORMATION TECHNOLOGY, INC.<br>3150 Fairview Park Drive<br>Falls Church, VA  22042<br><br>      Plaintiffs<br><br>v.<br><br>AIR FREIGHT PLUS, INC., d/b/a<br>Global Logistics<br>1352 Charwood Road, Suite E<br>Hanover, MD  21076<br>SERVE ON:  JONATHAN M. HERBST<br>1777 Reisterstown Road, Suite 375<br>Baltimore, MD  21208<br><br>and<br><br>DIRECT DISTRIBUTION & LOGISTICS<br>2679 Merchant Drive<br>Baltimore, MD  21230<br>SERVE ON:  REGINA S. DEVOE<br>2679 Merchant Drive<br>Baltimore, MD  21230<br><br>      *Defendants.* | *<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>* |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## COMPLAINT

Plaintiffs, Starr Indemnity & Liability Company, Inc. ("Starr") and General Dynamics Information Technology, Inc. ("General Dynamics"), by and through their undersigned attorneys, allege upon information and belief as follows:

1

## INTRODUCTION

1. This is an action for breach of contract of interstate motor carriage arising from damage to a shipment of assorted computer server parts, including one (1) EMC2 server rack containing thirteen (13) drive trays, three (3) additional individual drive trays, and one (1) carton of cables ("Cargo") owned by General Dynamics, insured by Starr, and tendered to Air Freight Plus, Inc., doing business as AFP Global Logistics ("AFP"), and Direct Distribution & Logistics, Inc. ("DDL") for interstate motor carriage from Towson, Maryland to Carrollton, Texas.

## PARTIES

2. General Dynamics was and is a corporation organized under the laws of the State of Virginia with an office and place of business located at 3150 Fairview Park Drive, Falls Church, Virginia 22042.

3. General Dynamics owned the Cargo.

4. Starr was and is a corporation organized under the laws of the State of Texas with an office and place of located at 399 Park Avenue, 2nd Floor, New York, New York 10022.

5. Starr insured the Cargo, paid General Dynamics' losses resulting from the incident detailed herein (less General Dynamics' deductible), and is thereby subrogated to General Dynamics' rights to the extent of that payment.

6. AFP was and is a Maryland corporation with an office an office and place of business at 1352 Charwood Road, Ste. E, Hanover, Maryland 21076.

7. AFP was and is registered with the United States Department of Transportation ("DOT") as a "carrier", doing business as "AFP Global Logistics", with DOT number 2150468.

8. AFP is a "motor carrier" within the meaning of the Carmack Amendment to the ICC Termination Act of 1995, 49 U.S.C. § 14706 ("Carmack Amendment").

9. AFP is an interstate motor carrier that contracted to carry to the Cargo from Towson, Maryland to Carrollton, Texas pursuant to Waybill No. BWI 7219214 ("Waybill").

10. AFP maintains shipping routes through the State of Maryland.

11. DDL was and is a Maryland corporation with an office and place of business at 2679 Merchant Drive, Baltimore, Maryland 21230.

12. DDL was and is registered with the DOT as an interstate carrier with DOT number 1534334.

13. DDL is a "motor carrier" within the meaning of the Carmack Amendment.

14. DDL is the interstate motor carrier that physically carried the Cargo pursuant to the Waybill from the CMS Warehouse to an AFP warehouse located in Hanover, Maryland, for the first leg of the Cargo intended transport.

## JURISDICTION & VENUE

15. This action involves interstate transportation of goods by motor carrier. This Honorable Court has jurisdiction and venue is proper pursuant to 49 U.S.C. § 14706(d) (the "Carmack Amendment") and 28 U.S.C. § 1331.

BACKGROUND

16. On or about 7 June 2019, General Dynamics hired AFP to transport the Cargo from the warehouse owned and/or operated by non-party Centers for Medicare & Medicaid Services ("CMS Warehouse"), located at 7500 Security Boulevard, Baltimore, Maryland 21244, to the facility of General Dynamics's customer and non-party, Memking, Inc., located at 1434 Patton Place, Suite 136, Carrollton, Texas 75007.

17. AFP subcontracted a segment of the Cargo's carriage – from the CMS Warehouse to an AFP warehouse located in Hanover, Maryland – to DDL.

18. On or about 7 August 2019, AFP and DDL, in consideration of certain agreed freight charges, picked up, received, and accepted the Cargo, then in good order and condition, at the CMS Warehouse, issued or accepted Waybill to cover the subject shipment, and agreed to carry the Cargo to destination in the same good order and condition as when received by them.

19. The Waybill declared the Cargo's value to be $215,000.

20. DDL, for itself and on AFP's behalf, placed the server rack, which had built in casters, in the middle of its truck; stacked the three (3) individual drive trays on a separate pallet; and placed the power cords in a cardboard carton.

21. In doing so, DDL, for itself and on AFP's behalf, failed to properly package, secure, stow, and care for the Cargo in the truck for its intended transit.

22. The unsecured server rack fell over while in transit to the AFP warehouse in Hanover, Maryland.

23. Upon arrival at the AFP Warehouse, an AFP receiving crew member found the server rack on its side and visibly damaged.

24. AFP employee, D. Nelson, noted as follows on the Waybill: "Server Rack fell over in truck[.] AFP accepted but major damage to outside of server rack – inside contents unknown if damaged."

25. The Cargo was never delivered to Carrollton, Texas.

26. Instead, on or about 28 August 2019, the damaged Cargo was returned to General Dynamics' facility in Towson, Maryland for inspection and to await further disposition.

27. A survey conducted on 28 August 2019 determined that the thirteen (13) drive trays in the server rack that toppled over were damaged.

28. Due to the severity of the damage, General Dynamics was unable to salvage any portions of the thirteen (13) drive trays, and they were deemed a total loss.

29. On 28 February 2020, General Dynamics submitted a claim to AFP for the Cargo's damage.

30. On 12 May 2020, AFP denied General Dynamics' claim.

31. As a result of the damage to the Cargo, General Dynamics suffered losses totaling $280,958.48, as nearly as can now be determined.

32. General Dynamics submitted a claim to Starr for its losses, and Starr paid General Dynamics $255,958.48 ($280,958.48 *less* General Dynamics' $25,000 deductible) to settle the claim.

33. Starr thereby became subrogated General Dynamics' rights to the extent of that payment.

## CAUSE OF ACTION AGAINST ALL DEFENDANTS – BREACH OF CONTRACT OF MOTOR CARRIAGE SUBJECT TO THE CARMACK AMENDMENT

34. Paragraphs 1 through 33 are incorporated by reference as though fully set forth at length herein.

35. As motor carriers of goods for hire, AFP and DDL were obliged by the Carmack Amendment and the terms of the Waybill to properly and safely transport, handle, carry, keep, care for, discharge, and deliver the Cargo in the same good order and condition as when received by them.

36.  Pursuant to 49 Code of Federal Regulation ("CFR") Sections 393.100 and 392.9, AFP and DDL were additionally obliged to properly and safely secure the Cargo and prevent the Cargo from shifting within the vehicle during transit. 49 C.F.R. §§ 393.100, 392.9.

37.  AFP and DDL breached the duties imposed on them by the Carmack Amendment, the terms of the Waybill, and the CFR by failing to attend to, care for, store, guard, secure, monitor, carry and protect the Cargo while in their care, custody and control and by failing to deliver the Cargo in the same good order and condition as when received by them.

38.  As a direct and proximate cause of AFP's and DDL's breaches of their duties under the Carmack Amendment, the terms of the Waybill, and the CFR, Plaintiffs sustained damages, as nearly can now be determined, no part of which has been paid although duly demanded, in the sum of $280,958.48.

WHEREFORE, Plaintiffs demand judgment in their favor and against Defendants in the sum of $280,958.48, plus interest, costs, disbursements, and such other and further relief as this Court may deem just and proper.

Dated:  December 23, 2020                    Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　／s/ Paul J. Weber
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Paul J. Weber (Bar No. 03570)
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Barbara J. Palmer (Bar No. 04441)
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　HYATT & WEBER, P.A.
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　200 Westgate Circle, Suite 500
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Annapolis, Maryland  21401
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Telephone:    (410) 266-0626
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Facsimile:     (410) 841-5065
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Email:          pweber@hwlaw.com
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Email:          bpalmer@hwlaw.com

*Counsel for Plaintiffs*

## PRAYER FOR JURY TRIAL

Plaintiffs hereby demand a jury trial on all issues so triable.

/s/ Paul J. Weber
Paul J. Weber (Bar No. 03570)
Barbara J. Palmer (Bar No. 04441)
HYATT & WEBER, P.A.
200 Westgate Circle, Suite 500
Annapolis, Maryland  21401
Telephone:   (410) 266-0626
Facsimile:   (410) 841-5065
Email:   pweber@hwlaw.com
Email:   bpalmer@hwlaw.com

*Counsel for Plaintiffs*